# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DANA R. BLICKLEY,**

        **Plaintiff,**

**-vs-**                                                              Case No.  6:08-cv-1866-Orl-31GJK

**JIM FORD, in his individual capacity, and
in his official capacity as Brevard County
Property Appraiser,**

        **Defendant.**

## ORDER

This matter comes before the Court on the Plaintiff's Brief (Doc. 73), arguing that the recent decision (Doc. 69) of the United States Court of Appeals for the Eleventh Circuit does not resolve this entire case.  Blickley had contended that she was fired from her government job because of protected speech she made to Ford.  The Court of Appeals determined that the relevant speech was not entitled to First Amendment protection because it was not on a matter of public concern.  Accordingly, the appellate court concluded that Ford was entitled to qualified immunity.

Blickley's Second Amended Complaint (Doc. 32) made essentially the same Section 1983 claim against Ford in his two capacities: official (Count I) and individual (Count II).  Ford's motion for summary judgment (and subsequent appeal) covered only the second count.  Upon remand, the Court ordered Blickley to address the issue of whether the resolution of the qualified immunity issue against her as to Count II was also fatal as to Count I.  (Doc. 70).  Blickley responds that, although the appellate court has resolved Count II by concluding that she was not

speaking in the public interest during the conversation in question, that count covered her conversation with Ford the individual, rather than Ford the Property Appraiser. Blickley argues that as to Count I, she should be permitted to show that something other than personal reasons motivated her conversation with Ford in his official capacity. (Doc. 73 at 4-5).

After reviewing the order, the Court finds that this argument fails. The appellate court's determination as to the motivation for Blickley's speech is law of the case, and there is no indication that it made any legal difference whether Blickley was addressing Ford as an individual or as a government official. As such, in both counts, Blickley's speech would not be entitled to First Amendment protection, and Ford would be entitled to qualified immunity.

In consideration of the foregoing, it is hereby

**ORDERED** that the Clerk shall enter judgment in favor of the Defendant, Jim Ford, and against the Plaintiff, Dana Blickley, as to both counts of the Second Amended Complaint. The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 9, 2010.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party