UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANA R. BLICKLEY,

                                    Plaintiff,

-vs-                                                            Case No.  6:08-cv-1866-Orl-31GJK

JIM FORD,

                                    Defendant.
_____

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT:

This cause came on for consideration without oral argument on the following motion:

| |
|---|
| **MOTION:**   **PLAINTIFF'S OBJECTION TO DEFENDANT'S BILL OF COSTS (Doc. No. 77)** |
| **FILED:**   December 23, 2010 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**. |

I.    **BACKGROUND**.

On April 15, 2009, Dana R. Blickley (the "Plaintiff") filed a second amended complaint

(the "Complaint") against Jim Ford (the "Defendant"), in his individual (Count I) and official

capacity (Count II) as Brevard County, Florida, Property Appraiser.  Doc. No. 32.[1]   In the

_____

[1] Defendant is the Property Appraiser for Brevard County, an elected position.  Doc. No. 59 at 1.  Plaintiff worked
in the Property Appraiser's office for more than 20 years. Doc. No. 59 at 1.

Complaint, pursuant to 42 U.S.C. § 1983, Plaintiff alleged that Defendant retaliated against Plaintiff for exercising her freedom of speech.  Doc. No. 32 at 7-11.

On September 14, 2009, Defendant filed a Motion of Partial Summary Judgment (the "Motion for Summary Judgment") asserting that Defendant was entitled to summary judgment as to Count II on the basis of qualified immunity.  Doc. No. 46.  On December 14, 2009, the Court entered an order denying Defendant's Motion for Summary Judgment.  Doc. No. 59.  On December 18, 2009, Defendant appealed the Court's order.  Doc. No. 60.  On August 3, 2010, the Eleventh Circuit Court of Appeals reversed, holding that Defendant was entitled to qualified immunity.  Doc. No. 69; *Bickley v. Ford*, Case No. 09-16364 (11th Cir. Aug. 3, 2010).  On December 9, 2010, the Court entered an order finding that Defendant was be entitled to qualified immunity as to both Count I and Count II.  Doc. No. 74.  Accordingly, on December 10, 2010, judgment was entered in favor of the Defendant.  Doc. No. 75.

On December 20, 2010, Defendant filed a proposed Bill of Costs requesting $4,163.53 in costs.  Doc. No. 76.  On December 23, 2010, Plaintiff filed an Objection to Defendant's Bill of Costs (the "Motion") arguing that Defendant should only be awarded a total of $637.67 in costs.  Doc. No. 77.  On January 4, 2011, Defendant filed a response (the "Response") to the Motion.  Doc. No. 79.  This matter has been referred to the undersigned for a report and recommendation.

## II.   **THE MOTION.**

The total amount of costs claimed in the Bill of Costs is $4,163.53, but only three specific categories of costs claimed are challenged: 1) $440.00 in fees for service of summons and subpoenas; 2) $2,629.02 in fees for court reporter transcription services; and 3) $456.84 in fees for copies which were necessarily obtained for use in this case.  Doc. No. 77 at 2-5.  First,

2

Plaintiff argues that Defendant is not entitled to recover $440.00 in requested fees for service of summons and subpoenas because: costs for service of discovery requests on third parties are not taxable (citing *Jean Marie Hansen, Attorney, P.C. v. Chacqua*, 2007 WL 431015 at *3 (E.D. Mich. Feb. 5, 2007)); and, in this case, service of deposition subpoenas are not taxable because Defendant did not use the resulting depositions in support of the Motion for Summary Judgment. Doc. No. 77 at 2.[2]

Second, Plaintiff maintains that Defendant is not entitled to recover $2,629.02 in requested fees for costs of transcription or court reporter fees because: 28 U.S.C. § 1920 "does not authorize the recovery of transcript costs where the underlying testimony was taken in a different case" (citing *American Automotive Accessories, Inc. v. Fishman*, 991 F.Supp. 995, 997 (N.D. Ill. 1998)); Defendant is not entitled to tax costs for an additional copy of the transcript or for expedited transcription solely for convenience (citing *National Bancard Corp. v. Visa, USA, Inc.*, 112 F.R.D. 62, 64 (S.D. Fla. 1986) and *Pickett v. Tyson Fresh Meats, Inc.*, 2004 WL 3712721 at *2-3 (M.D. Ala. Aug. 3, 2004)); a portion of the court reporter bills do not contain detailed billing; and certain deposition transcripts were not necessarily obtained for use in this case. Doc. No. 77 at 2-4.

---

[2] Plaintiff states:

> The deposition subpoenas were issued to Bonnie Haile, Matthew Wielepksi, Sue Grizzell and Gayle Seltzer. Defendants [sic] filed none of the resulting deposition transcripts in support of their [M]otion for [S]ummary [J]udgment, which ultimately lead [sic] to the disposal of all of Plaintiff's claims, because the depositions were never taken. Obviously then, no transcripts were necessarily obtained in this matter and, therefore, none of the subpoena fees associated with such depositions are taxable as costs in this matter.

Doc. No. 77 at 2 n.2. Thus, Plaintiff maintains that because the depositions did not actually take place, Defendant cannot recover the costs of service. *Id.* ("[F]ees associated with service of deposition subpoenas are only taxable when the resulting deposition is taxable as a cost."). Plaintiff fails to cite to any authority for this proposition. *Id.*

3

Third, Plaintiff asserts that Defendant is not entitled to recover $456.84 in coping costs for documents obtained for use in this case because: Defendant fails to specify the purpose or nature for $278.78 of that cost and, therefore, it is impossible to determine whether the copies were necessary for use in this case (citing *Fishman*, 991 F.Supp. at 997); and the remaining $178.06 cost was for documents obtained via a public records request rather than by a subpoena. Doc. No. 77 at 4-5.[3]  Accordingly, Plaintiff requests that the above requested costs be stricken and Defendant be awarded a total of $637.67 in total costs.  Doc. No. 77 at 5.

III.   **THE RESPONSE.**

In the Response, Defendant agrees to reduce the total amount of costs requested in two of the three categories challenged by Plaintiff.  Doc. No. 79 at 7, 8.  In Defendant's request for costs of transcription services ($2,629.02), Defendant agrees to reduce the amount requested by $15.00 for that portion of the court reporter's bill labelled "Document Repository."  *Id*. at 7 n. 2. Thus, for the category of costs for transcription services, Defendant agrees to reduce the total amount of costs requested to $2,604.02.  Doc. No. 79 at 7. Defendant also agrees to reduce its request to recover costs for coping ($456.84) by $212.64 because Defendant was not able "to establish with certainty the identity of these copies."  Doc. No. 79 at 8.  Thus, for the category of costs for copies, Defendant agrees to reduce the total amount of costs requested to $244.20.  Doc. No. 79 at 8.  With the exception of those items, Defendant argues that he is entitled to recover the costs requested.  Doc. No. 79 at 1-8.  Therefore, in the Response Defendant reduces the total amount of costs claimed to $3,935.89.  Doc. No. 79 at 8.

---

[3] Plaintiff does not cite to any case law for the proposition that documents obtained pursuant to a public records request are non-taxable, and Plaintiff fails to provide any evidence that the documents were, in fact, obtained through a public records request.  Doc. No. 77 at 4-5.

4

As to the $440.00 in requested fees for service of summons and subpoenas, Defendant maintains that the case relied upon by Plaintiff, *Chacqua*, 2007 WL 431015 at *3 (E.D. Mich. Feb, 5, 2007), is distinguishable because in the Eleventh Circuit "costs for having a private process server serve deposition subpoenas are recoverable as costs."  Doc. No. 79 at 1 (citing *E.E.O.C. v. W&O*, Inc., 213 F.3d 600, 624 (11th Cir. 2000)).   Defendant also maintains that the costs of service are taxable even though the depositions never took place stating:

> It is of no consequence that these depositions were all cancelled. The only reason they were cancelled and never taken is because after the subpoenas had all been served, but before any of the depositions were taken, the Eleventh Circuit stayed all discovery. It was only then that Defendant cancelled the depositions.  They were never re-set because the case was dismissed.

Doc. No. 79 at 4.

Regarding the $2,604.02 in court reporter transcription services, Defendant maintains that $193.50 of the total amount represents a partial trial transcript of Plaintiff's testimony in a criminal trial which was relevant to Plaintiff's claims in this case or which might have been used for impeachment purposes.  Doc. No. 79 at 4-5.  Defendant asserts that $2,127.15 of the total amount in this category represents an expedited transcript of Plaintiff's deposition in a related case, which was taken during the pendency of this case, and which was the "primary basis" for Defendant's Motion for Summary Judgment.  Doc. No. 79 at 5-7.  Defendant maintains that the case relied upon by Plaintiff, *Fishman*, 991 F.Supp. at 997, is distinguishable from the facts in this case.   Doc. No. 79 at 5-6.  Defendant contends that the costs incurred for expedited transcription ($552.90 of the $2,127.15) were reasonably necessary in this case because it was critical for Defendant to expeditiously file the Motion for Summary Judgment to preserve Defendant's right to avoid being subject to discovery.  Doc. No. 79 at 6 (citing *Behrens v.*

5

*Pelletier*, 516 U.S. 299, 308 (1996) (qualified immunity extends to insulate public officials from the burdens associated with engaging in discovery)).   Moreover, Defendant maintains that a more detailed bill provided by the court reporter shows that the additional copy of the transcript was complementary and, therefore, Defendant is not seeking to tax Plaintiff for additional coping fees.   Doc. Nos. 79 at 7; 79-2 at 2.   Defendant contends that the remaining $293.37 for transcription costs in this category pertain to copies of the Plaintiff's deposition of the Defendant and another party in this case, which Plaintiff clearly intended to use in this case.   Doc. No. 79 at 7.

Finally, as to the $244.20 in the category for copies, Defendant argues that $66.14 of that amount is clearly identified as payment for copies of documents Gayle Seltzer produced in response to Defendant's subpoena duces tecum.   Doc. No. 79 at 8.   Regarding the remaining $178.06 in this category, Defendant asserts that these copies were produced in response to a properly noticed and served subpoena.   Doc. No. 79 at 8 (citing Doc. No. 79-3).   Moreover, Defendant maintains that it used some of these documents in support of its motion for protective order (Doc. No. 58).   Doc. No. 79 at 8.   Accordingly, Defendant requests that the Court deny Plaintiff's objections and award it reasonable costs in the amount of $3,935.89, representing Defendant's voluntary reduction of $227.64.   *Id.*

## IV.   <u>ANALYSIS.</u>

A prevailing party may recover costs as a matter of course unless otherwise directed by the Court or applicable statute.   *See* Fed. R. Civ. P. 54 (d)(1).   Congress has delineated which costs are recoverable under Rule 54 (d), Fed. R. Civ. P.   *See* 28 U.S.C. § 1920; *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 - 42 (1987).   The Court has the

discretion to award only those costs specifically enumerated in 28 U.S.C. § 1920.   *See*
Crawford, 482 U.S. at 440-44; *see also Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460
(11th Cir. 1996).  Title 28 U.S.C. § 1920 provides:

> A judge or clerk of any court of the United States may tax as
> costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic
>     transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily
>     obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of
>     interpreters, and salaries, fees, expenses, and costs of special
>     interpretation services under section 1828 of this title.

*Id*.

**A.  Service of Process.**

Plaintiff maintains that Defendant is not entitled to recover $440.00 in costs for private
service of subpoenas for depositions and third-party discovery requests.  Doc. No. 77 at 2.  In
*E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000), the Eleventh Circuit held that
"private process server fees may be taxed pursuant to §§ 1920(1) and 1921."  *Id*.  District Courts
have recognized "[i]t is well settled [in the Eleventh Circuit] that costs for having a private
process server serve deposition subpoenas are compensable to the extent the private process
server's fees are limited to the fess authorized in 28 U.S.C. § 1921."  *Magaldi v. Safeco
Insurance Co. of America*, 2009 WL 1851102 at *6 (S.D. Fla. Jun. 29, 2009).   Therefore,
Plaintiff's reliance on *Chacqua*, 2007 WL 431015 at *3 (E.D. Mich. Feb. 5, 2007) is misplaced.
Moreover, *Chacqua* is distinguishable because it relied on the United States District Court for

the Eastern District of Michigan's Bill of Costs Handbook, which is not applicable in this case. *Id*.

Additionally, Defendant maintains that the depositions at issue never took place because after they were served, but before they could be taken, the Eleventh Circuit stayed discovery and the case was ultimately dismissed on the basis of Defendant's qualified immunity. Doc. No. 79 at 4. Defendant's explanation appears reasonable and, because the Plaintiff did seek leave to file a reply in rebuttal, the Court accepts it.

Accordingly, it is recommended that the Court find that $440.00 in costs for private service of subpoenas are taxable under Section 1920(1). *See also Davis v. Sailormen, Inc.*, 2007 WL 1752465 at *2-3 (M.D. Fla. Jun. 15, 2007) (awarding private service of process fees including subpoenas for deposition and discovery).

### B.  Costs of Transcripts.

The Eleventh Circuit has held that costs for deposition transcripts are generally taxable as long as the transcripts were necessarily obtained for use in the case. *E.E.O.C.*, 213 F.3d at 620-21. Plaintiff maintains that Defendant is not entitled to recover $2,604.02 in costs for transcription of Plaintiff's testimony from two other cases, and for the costs of transcribing Defendant's and another witness's deposition testimony in this case. Doc. No. 77 at 2-4. It is well settled that "[d]eposition costs of witnesses on a losing party's witness list are generally considered taxable," and "[c]harges for a copy of a deposition taken by an opponent are recoverable." *Maris Distrib. Co. v. Anheuser-Busch, Inc.* 302 F.3d 1207, 1225 (11th Cir. 2002); *Fulton Fed. Sav. & Loan Ass'n v. Am. Ins. Co.*, 143 F.R.D. 292, 296 (N.D. Ga. 1991).

8

Accordingly, it is recommended that the Court find the transcription costs for Plaintiff's deposition of Defendant and another witness are taxable.

As to whether the transcription costs of Plaintiff's testimony in two other cases are taxable, in *American Automotive Accessories, Inc. v. Fishman*, 991 F.Supp. 995. 977 (N.D. Ill. 1998), the case relied upon by Plaintiff, the Court found that transcription costs could not be taxed for two depositions which occurred in a separate state court case even though the transcripts may have been useful in the federal case. *Id*. On the other hand, in *Faculty Rights Coalition v. Shahrokhi*, 2005 WL 1924192 at *1 (S.D. Tex. Aug. 10, 2005), the Court found that the cost for the transcript of a hearing in another case was taxable because the defendants were able to demonstrate that the hearing transcript was necessarily obtained for the defendants' use in the current case. The Court was unable to find a case from the Eleventh Circuit directly on point. However, in *Shields v. City of Lake Mary, Florida*, Case No. 6:08-cv-239-Orl-18KRS, 2009 WL 2591156 at *3 (M.D. Fla. Jul. 24, 2009), the Court found that transcription costs of two hearings conducted in state court prior to the case being removed to federal court were not taxable, even though relied on in support of summary judgment to demonstrate the procedural history of the case, because the defendant could have advised the Court of the procedural history without incurring the transcription expense. *Id*. In *Pickett v. Tyson Fresh Meats, Inc.*, 2004 WL 3712721 at*4-5 (M.D. Ala. Aug. 3, 2004), the Court did not tax transcription costs of a separate trial involving different parties but similar issues where the acquisition of the transcript was not necessary for the proper presentation of the defendant's case. *Id*.

In this case, Defendant did not conduct a deposition of Plaintiff, but relied exclusively on the transcripts of Plaintiff's prior testimony throughout its Motion for Summary Judgment. *See*

Doc. No. 46 at 2 n. 3, 3-11. Thus, even though the testimony occurred in other cases, it is recommended that the Court find the transcripts are taxable as necessarily obtained for use in this case.

Plaintiff also maintains that the transcription costs should be reduced by $552.90 (the cost for expedited transcription) because that was done solely for the convenience of Defendant. In *National Bancard Corporation v. Visa, U.S.A, Inc.*, 112 F.R.D. 62, 64 (S.D. Fla. 1986), the Court denied costs of expedited transcription where it was done only for the convenience of counsel. *Id.* In this case, the Defendant states that the transcription was expedited so that Defendant could quickly file its Motion for Summary Judgment in order to protect Defendant from the burdens of engaging in discovery, which is one of the purposes of qualified immunity. The undersigned finds Defendant's arguments persuasive. Accordingly, it is recommended that the Court find the expedited nature of the transcripts in this case was reasonable and taxable to Plaintiff.

### C. Copies.

"Copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are recoverable." *Desisto College, Inc. v. Town of Howey-In-The-Hils*, 718 F.Supp. 906, 913 (M.D. Fla. 1989). Defendant has demonstrated that the copies at issue relate to discovery requests properly served pursuant to a subpoena. *See* Doc. Nos. 76-5 at 9; 79 at 7-8; 79-3 at 2-6. Accordingly it is recommended that the Court find Defendant is entitled to tax costs for copies in the amount of $244.20.

### V.   CONCLUSION.

Based on the foregoing, it is recommended that the Court:

1. **GRANT** the Motion (Doc. No. 77) only to the extent that Defendant has agreed to reduce the total amount of costs requested by $227.64 as detailed above;

2. **DENY** the remainder of the Motion; and

3. **AWARD** Defendant costs in the amount of $3,935.89.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 22, 2011.


_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:
Presiding District Judge
Counsel of Record.